UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------X
ADRIAN TORTEROLO, *individually*
*and on behalf of others similarly situated*             CASE NO**:**

                           *Plaintiff*,

vs.

JHONNYS TOWING INC.,
*a New Jersey corporation*,
and EDGARD PERALTA,
*an individual*,

                          *Defendants.*
------------------------------------------------------X

## COMPLAINT

Adrian Torterolo ("Plaintiff"), individually and on behalf of others similarly situated, hereby sues Defendants, Jhonnys Towing Inc. ("Corporate Defendant") and Edgard Peralta (hereinafter "Individual Defendant") (Corporate Defendant and Individual Defendant are referred to collectively as "Defendants"), and alleges:

## NATURE OF THE ACTION

1. Plaintiff brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages and unpaid minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), New Jersey Wage and Hour Law ("NJWHL"), and the New Jersey Wage Payment Law ("NJWPL"). Plaintiff seeks compensatory damages and liquidated damages, including applicable interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

2. Plaintiff further seeks certification of this action as a collective action on behalf of Plaintiff individually, and on behalf of all other similarly situated current and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to the FLSA, 29 U.S.C. § 216(b), 28 U.S.C. § 1337 and 28 U.S.C. § 1331. Supplemental jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367(a).

4. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. Plaintiff was employed by Defendants to perform the activities of a general assistant in this District, and Defendants are in this District.

## PARTIES

5. Plaintiff is over the age of 18 years, *sui juris*, and is a resident of this State.

6. Corporate Defendant is a corporation organized and existing under the laws of the State of New Jersey.

7. Corporate Defendant owns and operates a towing and roadside assistance company known as Johnny's Towing, located at 1160 Fairmount Avenue, in Elizabeth, New Jersey 07201.

8. On information and belief, Individual Defendant, Edgard Peralta, is over the age of 18 years, *sui juris*, and owns (in whole or in part), and operates, and/or controls the Corporate Defendant, and/or has authority over rates of pay and schedules of employees within the Corporate Defendant business.

9. Individual Defendant is sued herein individually in his capacity as, on information and belief, he is an owner, officer and/or agent of Corporate Defendant.

10. Defendants are an enterprise as defined by the FLSA, 29 U.S.C. § 203 (r-s).

11. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

12. Upon on information and belief, the Corporate Defendant had, at all times material hereto, a gross annual volume of sales of not less than $500,000.00.

13. Upon information and belief, Defendants and/or their enterprise were and are directly engaged in interstate commerce.

## FACTS

14. At all relevant times, Plaintiff was and is a former employee of the Defendants within the meaning of the FLSA and NJWHL.

15. Plaintiff worked for the Defendants from approximately January 2020 through March 2023.

16. Plaintiff was employed to perform activities as a general assistant. His job included moving vehicles, cleaning, simple mechanical work, and any other task or job that he was assigned at any given time.

17. Plaintiff regularly handled goods that had traveled through interstate commerce, including cleaning products, tools, and vehicles.

18. Plaintiff's work duties required neither discretion nor independent judgment.

19. Plaintiff worked six days per week, from Monday through Saturday. Plaintiff's work schedule was 8:00 a.m. through 6:00 p.m. Monday through Friday, and 8:00 a.m. through 3:00 p.m. on Saturdays. He always worked approximately 57 hours per week.

20. Plaintiff was initially paid at the rate of $500 per week for each week worked, and subsequently received a raise to $600 per week.

21. Throughout his employment with Defendants, Plaintiff was paid in cash with no pay stubs provided.

22. Defendants failed to pay Plaintiff any overtime premium (time and a half) for hours worked over forty (40) in each workweek.

23. Upon information and belief, Defendants' conduct extended beyond Plaintiff to all other similarly situated employees, including non-exempt employees working in other departments of the Corporate Defendant's business.

24. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff and similarly situated individuals by engaging in a pattern, practice, and/or policy of violating the FLSA and New Jersey labor laws.

## FLSA COLLECTIVE ACTION CLAIMS

25. Plaintiff brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), i.e., persons who are or were employed by Defendants or any of them at any time during the three-year period prior to this Complaint being filed (the "FLSA Class Period").

26. At all relevant times, Plaintiff and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and were subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime.

27. The claims of Plaintiff stated herein are similar to those of the other similarly situated employees.

## FIRST CAUSE OF ACTION
### (Violation of the Overtime Provisions of the FLSA)

28. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

29. Defendants failed to pay Plaintiff and the FLSA Class members overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

30. Defendants' failure to pay Plaintiff and the FLSA Class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

31. Plaintiff and the FLSA Class members were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Violation of the Overtime Provisions of the NJWHL)

32. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

33. NJWHL § 34:11-56a *et seq.* requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for any hours worked exceeding forty in a workweek.

34. As described above, Defendants are employers within the meaning of the NJWHL, while Plaintiff and any FLSA plaintiff who opts in to this action, are employees within the meaning of the NJWHL.

35. Also as described above, Plaintiff, and any FLSA plaintiff who opts in to this action, worked in excess of forty hours each week, yet the Defendants failed to compensate them in accordance and compliance with, the NJWHL's overtime provisions.

36. Plaintiff, and any FLSA plaintiff who opts in to this action, is entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their regular rate of pay.

37. Plaintiff, and any FLSA plaintiff who opts in to this action, is also entitled to liquidated damages, interest, attorneys' fees, and their costs and disbursements in this action for Defendants' violations of the NJWHL's overtime provisions

## THIRD CAUSE OF ACTION
### (Violation of the Minimum Wage Provisions of the FLSA)

38. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

39. At all times relevant to this action, Defendants were Plaintiff's employer (and employer of the FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff (and FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

40. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

41. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. §203 (r)-(s).

42. Defendants failed to pay Plaintiff and the FLSA Class members at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

43. Defendants' failure to pay Plaintiff and the FLSA Class members at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. §255 (a).

44. Plaintiff and the FLSA Class members were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (Violation of the Minimum Wage Provisions of the NJWHL)

45. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

46. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NJWHL § 34:11-56a1(h).

47. At all times relevant to this action, Defendants were employers within the meaning of NJWHL § 34:11-56a1(g).

48. Defendants willfully failed to record, credit, or compensate Plaintiff the applicable minimum hourly wage, in violation of the New Jersey Minimum Wage Standards, specifically NJWHL 34:11-56 and applicable regulations.

49. Due to Defendants' violations of the New Jersey Wage and Hour Law, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages as well as reasonable attorneys' fees and costs of the action, pursuant to the NJWHL, specifically NJWHL 34:11-56a25, all in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

a) Declaring Defendants' conduct complained of herein to be in violation of the Plaintiff's rights under the FLSA, and the NJWHL;

b) Awarding Plaintiff and the class members unpaid overtime wages;

    c)    Awarding Plaintiff and the class members unpaid minimum wages;

    d)    Awarding Plaintiff and the class members liquidated damages pursuant to 29 U.S.C. §216 and the NJWHL;

    e)    Awarding Plaintiff and the class members pre and post-judgment interest;

    f)    Awarding Plaintiff and the class members the costs of this action together with reasonable attorneys' fees; and

    g)    Awarding such and further relief as this court deems necessary and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

DATED April 26, 2023

Respectfully Submitted,

**Bashian & Papantoniou, P.C.**
*Attorneys for Plaintiff*
500 Old Country Road, Ste. 302
Garden City, NY 11530
Tel:   (516) 279-1554
Fax:   (516) 213-0339
**By:** */s/ Erik M. Bashian*
**ERIK M. BASHIAN, ESQ.**
eb@bashpaplaw.com

**Law Offices of Nolan Klein, P.A.**
*Attorneys for Plaintiff*
5550 Glades Road, Ste. 500
Boca Raton, FL 33431
Tel:   (954) 745-0588
**By:**   */s/ Nolan Klein*
**NOLAN KLEIN, ESQ.**
klein@nklegal.com
amy@nklegal.com
melanie@nklegal.com

*PRO HAC VICE MOTION TO BE FILED*

## CONSENTIMIENTO PARA DEMANDAR BAJO
## LA LEY DE NORMAS LABORALES JUSTAS
## (FAIR LABOR STANDARDS ACT)

Yo, **ADRIAN TORTEROLO** soy un empleado o ex empleado de **JHONNYS TOWING INC.** y/o personas o entidades relacionadas. Las alegaciones que se establecen en esta demanda me han sido explicadas en español y todas son verdaderas y correctas a mi entender, información y creencia. He consentido para ser demandante en la acción mencionada anteriormente para cobrar los salarios no pagados y otros daños y perjuicios.

Fecha: 4/28/2023 , 2023.

_____
**ADRIAN TORTEROLO**

100095v4